IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VALORES MUNDIALES, S.L.**<br>Avenida de Barajas, 24<br>Planta 2<br>Alcobendas<br>Madrid<br>28108<br>Kingdom of Spain<br><br>- and -<br><br>**CONSORCIO ANDINO, S.L.**<br>Avenida de Barajas, 24<br>Planta 2<br>Alcobendas<br>Madrid<br>28108<br>Kingdom of Spain<br><br>*Plaintiffs and Award Creditors*,<br><br>v.<br><br>**BOLIVARIAN REPUBLIC OF VENEZUELA**<br>Ministerio del Poder Popular para Relaciones Exteriores<br>Oficina de Relaciones Consulares<br>Avenida Urdaneta<br>Esquina de "Carmelitas" a "Puente Llaguno"<br>Edificio Anexo a la Torre "MRE", 1er. Piso<br>Caracas, 1010<br>República Bolivariana de Venezuela,<br><br>*Defendant and Award Debtor.* | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Valores Mundiales, S.L. and Consorcio Andino, S.L. (collectively, "Plaintiffs"), by and through their undersigned counsel, for their complaint against Defendant and Arbitration

Award Debtor the Bolivarian Republic of Venezuela ("Defendant" or "Venezuela"), state as follows:

## NATURE OF THE ACTION

1. This is an action to recognize and enforce the pecuniary obligations imposed by an arbitral award issued under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention" or "Convention"), in favor of Plaintiffs and against Defendant, pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention.

## PARTIES

2. Plaintiff Valores Mundiales, S.L. is a company organized and existing under the laws of the Kingdom of Spain ("Spain").

3. Plaintiff Consorcio Andino, S.L. is a company organized and existing under the laws of Spain.

4. Defendant Venezuela is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq*.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 22 U.S.C. § 1650a and 28 U.S.C. §§ 1330(a), 1605. Defendant is not entitled to immunity from the jurisdiction of this Court pursuant to 28 U.S.C. § 1605(a)(1), (6). This action seeks recognition and enforcement of an arbitral award governed by the ICSID Convention, a treaty calling for the recognition and enforcement of such awards.

6. This Court may exercise personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1330(b).

7. Venue in this District is proper under 28 U.S.C. § 1391(f)(4).

## THE ICSID CONVENTION

8. The ICSID Convention establishes a framework for the resolution of investment disputes between a state party to the Convention and a national of another state party to the Convention. The Convention created the International Centre for Settlement of Investment Disputes ("ICSID"), which administers arbitral proceedings under the ICSID Convention, including the arbitration at issue here.

9. Article 54(1) of the ICSID Convention provides that "[e]ach Contracting Party shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

10. The United States has been a party to the ICSID Convention since 1966, when the Convention entered into force and Congress enacted enabling legislation with respect to Article 54(1) of the Convention. That legislation, 22 U.S.C. § 1650a, provides in relevant part as follows: "An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."

11. Venezuela signed the ICSID Convention on August 18, 1993, and deposited its instrument of ratification on May 2, 1995. Venezuela's accession to the ICSID Convention took effect on June 1, 1995. On January 24, 2012, Venezuela denounced the ICSID Convention. Under

Article 71 of the ICSID Convention, the denunciation took effect six months later, on July 25, 2012.[1]

12.     Under Article 72 of the ICSID Convention, Venezuela's denunciation did "not affect the rights or obligations under th[e] Convention . . . arising out of consent to the jurisdiction of [ICSID] given by [Venezuela] before such notice [of denunciation] was received by the depositary." Plaintiffs' and Venezuela's consent to submit their disputes to an arbitral tribunal under the ICSID Convention was perfected before Venezuela denounced the Convention and was, therefore, unaffected by such denunciation.

## THE ARBITRATION AND THE AWARD

### The Arbitration Proceedings and Award

13.     On May 10, 2013, Plaintiffs commenced an arbitration against Defendant by filing a Request for Arbitration with ICSID under the ICSID Convention and the Agreement between the Kingdom of Spain and the Government of the Republic of Venezuela for the Promotion and Protection of Investments (the "BIT"). The arbitration concerned Venezuela's measures impacting Plaintiffs' investments in Molinos Nacionales, C.A. and Derivados de Maíz Seleccionado, Demaseca, C.A., two leading producers of wheat flour and corn flour, among other products, in Venezuela.

14.     The Request for Arbitration was registered by the ICSID Secretary General on June 6, 2013. A three-member arbitral tribunal (the "Tribunal") was duly constituted on January 9, 2014, in accordance with the ICSID Convention.

---

[1] *See* ICSID, List of Contracting States and Other Signatories of the Convention 5 (as of Aug. 27, 2018), https://icsid.worldbank.org/en/Documents/icsiddocs/List%20of%20Contracting%20States%20and%20Other%20Signatories%20of%20the%20Convention%20-%20Latest.pdf.

15. After receiving extensive submissions from the parties, the Tribunal held a hearing on jurisdiction and merits in Washington, D.C., between February 8, 2016, and February 12, 2016.

16. On July 25, 2017, the Tribunal issued an award (the "Award") in favor of Plaintiffs and against Venezuela. The Award is attached as Exhibit A, both in its Spanish original and certified English translation.

17. As specified in the Award, the Tribunal asserted jurisdiction over Plaintiffs' claims under the ICSID Convention and the BIT, and awarded Plaintiffs (i) the principal amount of US$430.4 million in compensation, plus compound interest at a rate of LIBOR plus 2 percent from January 22, 2013 until the date Defendant satisfies the Award, and (ii) US$5,925,705.14 as partial reimbursement of Plaintiffs' legal expenses and costs.

<u>Venezuela's Application for Annulment</u>

18. On November 22, 2017, Venezuela filed with the ICSID Secretary General an Application for Annulment of the Award under Article 52 of the ICSID Convention (the "Application for Annulment"). Venezuela also requested a stay on enforcement of the Award pending a decision on its Application for Annulment.

19. On December 7, 2017, the ICSID Secretary General registered Venezuela's Application for Annulment and granted a provisional stay of enforcement of the Award.[2]

20. On March 5, 2018, a three-member *ad hoc* committee (the "Committee") was constituted to hear Venezuela's Application for Annulment. The Committee was reconstituted on March 23, 2018, after one of its members resigned and was replaced by another member designated by ICSID.

---

[2] The ICSID Convention provides that annulment applicants are entitled to an automatic, provisional stay of enforcement if requested with the application for annulment. *See* ICSID Convention, Art. 52(5).

21.     On September 6, 2018, the Committee lifted the provisional stay on enforcement of the Award, allowing Plaintiffs to seek enforcement of the Award.  In lifting this stay, the Committee concluded that Venezuela had failed to prove "the existence of circumstances that require the continuation of the stay of enforcement of the Award" and considered, *inter alia*, "the difficulties encountered [by other award creditors] in ensuring compliance with the ICSID awards issued against Venezuela and the fact that Venezuela has officially declared its policy of opposition to compliance with those awards . . . ."  Decision on the Request for the Continuation of the Stay of Execution of the Award ¶ 107 (attached as Exhibit B, in its Spanish original and partial English translation).

22.     Pursuant to the Procedural Order No. 1 issued by the Committee, the annulment proceeding will consist of a written phase and a hearing.  Defendant filed its Memorial on Annulment on August 23, 2018, and Plaintiffs filed their Counter Memorial on Annulment on November 16, 2018.  Defendant is expected to file its Reply by January 15, 2019, and Plaintiffs will file their Rejoinder by March 16, 2019.  A hearing is expected to take place in Washington, DC on May 20, 2019, and the Committee will issue its Decision on Annulment thereafter.

The Award and Current Status

23.     Article 53(1) of the ICSID Convention requires parties to comply with ICSID awards "except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention."  Specifically, Article 53(1) provides in full as follows:

> The award shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention. Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention.

24.     Defendant's obligation to abide by and comply with the Award is limited only by a stay of enforcement, and no such stay is in effect.

25. Therefore, Defendant must comply with the Award by paying Plaintiffs (i) the principal amount of US$430.4 million in compensation, plus compound interest at a rate of LIBOR plus 2 percent from January 22, 2013 until the date Venezuela satisfies the Award, and (ii) US$5,925,705.14 as partial reimbursement of Plaintiffs' legal expenses and costs incurred by Plaintiffs in the course of the arbitration.

26. Venezuela has not paid any part of the Award.

## COUNT ONE
## FOR RECOGNITION AND ENFORCEMENT OF THE AWARD
## PURSUANT TO 22 U.S.C. § 1650a

27. Plaintiffs restate and incorporate Paragraphs 1 through 26 as if fully set forth herein.

28. The Award was rendered by an arbitral tribunal pursuant to Chapter IV of the ICSID Convention.

29. Both Spain and Venezuela were parties to the ICSID Convention when the parties consented to the jurisdiction of ICSID to resolve the dispute.

30. The United States is also a party to the ICSID Convention. Under Article 54(1) of the ICSID Convention, the United States "shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

31. Pursuant to 22 U.S.C. § 1650a, the pecuniary obligations imposed by the Award shall be enforced and shall be given the same full faith and credit as if the Award were a final judgment of a court of general jurisdiction of one of the States of the United States.

32. Plaintiffs are therefore entitled to recognition of the Award as a judgment pursuant to the ICSID Convention and 22 U.S.C. § 1650a, and to a judgment for (i) the principal amount of US$430.4 million in compensation, plus compound interest at a rate of LIBOR plus 2 percent from January 22, 2013 until the date Venezuela satisfies the Award (which, as of December 31, 2018,

equals US$84,583,485), and (ii) US$5,925,705.14 as partial reimbursement of Plaintiffs' legal expenses and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendant, as follows:

a) confirming, recognizing, and enforcing the Award and the pecuniary obligations imposed therein against Defendant;

b) ordering that Defendant pay to Plaintiffs the principal amount of US$430.4 million in compensation, plus compound interest at a rate of LIBOR plus 2 percent from January 22, 2013 until the date Venezuela satisfies the Award (which, as of December 31, 2018, equals US$84,583,485);

c) ordering that Defendant pay to Plaintiffs US$5,925,705.14 as partial reimbursement of Plaintiffs' legal expenses and costs; and

d) granting such other and further relief as the Court may deem just and proper.

January 8, 2019

Respectfully submitted,

 /s/ *Miguel López Forastier*
Miguel López Forastier
D.C. Bar No. 464654
José E. Arvelo
D.C. Bar No. 981920
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, DC 20001
Tel: 202-662-5464
Fax:  202-778-5185
mlopezforastier@cov.com
jarvelo@cov.com

*Attorneys for Plaintiffs*