**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**VALORES MUNDIALES, S.L.** and
**CONSORCIO ANDINO, S.L.**

   *Plaintiffs and Arbitration Award Creditors*,

v.

**BOLIVARIAN REPUBLIC OF VENEZUELA**

   *Defendant and Arbitration Award Debtor*.

No. 1:19-cv-00046-KBJ

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Miguel López Forastier
José E. Arvelo
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, D.C.  20001

*Counsel for Plaintiffs and Arbitration Award Creditors Valores Mundiales, S.L. and Consorcio Andino, S.L.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 1

I.      The ICSID Convention ......................................................................................................... 1

II.     The Arbitration and the Award ............................................................................................ 3

III.    This Proceeding .................................................................................................................... 5

ARGUMENT ................................................................................................................................... 5

I.      This Court Has Jurisdiction to Enforce the Award. ............................................................. 5

II.     The Republic Was Served in Accordance with the FSIA and Failed to Respond. .............. 7

III.    Plaintiffs Have Established Their Claim for Relief. ............................................................ 8

CONCLUSION .............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beer v. Islamic Republic of Iran*,
   574 F. Supp. 2d 1 (D.D.C. 2008) ..................................................................................9

*Blue Ridge Invs., L.L.C. v. Republic of Argentina*,
   735 F.3d 72 (2d Cir. 2013) ............................................................................................6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   244 F. Supp. 3d 100 (D.D.C. 2017) ..............................................................................6

*Cont'l Cas. Co. v. Argentine Republic*,
   893 F. Supp. 2d 747 (E.D. Va. 2012) ............................................................................6

*Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*,
   904 F. Supp. 2d 131 (D.D.C. 2012) ........................................................................9, 10

*Elahi v. Islamic Republic of Iran*,
   124 F. Supp. 2d 97 (D.D.C. 2000) ................................................................................9

*Estate of Botvin v. Islamic Republic of Iran*,
   510 F. Supp. 2d 101 (D.D.C. 2007) ..............................................................................9

*Gates v. Syrian Arab Republic*,
   580 F. Supp. 2d 53 (D.D.C. 2008) ................................................................................9

*M.B.L. Int'l Contractors, Inc. v. Republic of Trinidad & Tobago*,
   725 F. Supp. 52 (D.D.C. 1989) .....................................................................................6

*Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*,
   863 F.3d 96 (2d Cir. 2017) ..............................................................................6, 9, 10

*Sealift Bulkers, Inc. v. Republic of Armenia*,
   965 F. Supp. 81 (D.D.C. 1997) .....................................................................................8

*Ungar v. Islamic Republic of Iran*,
   211 F. Supp. 2d 91 (D.D.C. 2002) ................................................................................8

*Weinstein v. Islamic Republic of Iran*,
   184 F. Supp. 2d 13 (D.D.C. 2002) ................................................................................9

**Statutes**

22 U.S.C. § 1650a .........................................................................................1, 2, 6, 9, 10

28 U.S.C. § 1330 .................................................................................................................. 6

28 U.S.C. § 1602 ........................................................................................................ 5, 6, 7, 8

28 U.S.C. § 1605 .................................................................................................................. 6

28 U.S.C. § 1608 ....................................................................................................... 1, 5, 7, 8, 9

New York Civil Practice Law Article 54 ............................................................................ 5

**Other Authorities**

Fed. R. Civ. P. 55 ............................................................................................................. 1, 7

## INTRODUCTION

Pursuant to 28 U.S.C. § 1608(e) and Federal Rule of Civil Procedure 55, Plaintiffs and Arbitration Award Creditors Valores Mundiales, S.L. and Consorcio Andino, S.L. move for entry of a default judgment against the Bolivarian Republic of Venezuela (the "Republic" or "Defendant"). As described further below and in the enclosed Declaration of Miguel López Forastier, the Republic was served with the summons and complaint in this matter through diplomatic channels on July 26, 2019, and has failed to serve any responsive pleading to the complaint within 60 days from service, as required under 28 U.S.C. § 1608(d). Accordingly, the Court should enter default judgment in favor of Plaintiffs and against Defendant.

## BACKGROUND

This is an action to recognize and enforce the pecuniary obligations of an arbitral award issued under the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID Convention")[1] in favor of Plaintiffs and against the Republic, pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention. *See* Compl. ¶ 1 (ECF No. 1).

### I.  The ICSID Convention

The ICSID Convention establishes a framework for the resolution of investment disputes between a state party to the Convention and a national of another state party. *See* ICSID Convention, Art. 25. To this end, the Convention created the International Centre for Settlement of Investment Disputes ("ICSID"), which administers arbitral proceedings under the ICSID Convention, including the arbitration at issue here. *Id.*, Art. 1; López Forastier Decl. ¶ 2. Article 54(1) of the ICSID Convention provides that "[e]ach Contracting State shall recognize an award

---

[1] ICSID Convention, Mar. 18, 1965, T.I.A.S. No. 6090, 17 U.S.T. 1270.

rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." ICSID Convention, Art. 54(1).

The United States has been a party to the ICSID Convention since 1966, when the Convention entered into force.  *See* U.S. Department of State, Treaties in Force, at 551 (as of Jan. 1, 2019), https://www.state.gov/wp-content/uploads/2019/07/2019-TIF-Multilaterals-7-31-2019-1.pdf.  The same year, Congress enacted enabling legislation giving effect to Article 54(1) of the Convention, providing as follows:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID C]onvention shall create a right arising under a treaty of the United States.  The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States.

22 U.S.C. § 1650a.

The Republic signed the ICSID Convention on August 18, 1993, and deposited its instrument of ratification on May 2, 1995.  *See* López Forastier Decl., ¶ 3, Ex. 1 (Award ¶ 250 n.280); ICSID, List of Contracting States and Other Signatories of the Convention, at 5 (as of Apr. 12, 2019) [hereinafter ICSID List of Contracting States], https://icsid.worldbank.org/en/Documents/icsiddocs/List%20of%20Contracting%20States%20and%20Other%20Signatories%20of%20the%20Convention%20-%20Latest.pdf.  The treaty entered into force for the Republic on June 1, 1995.  López Forastier Decl., ¶ 3, Ex. 1 (Award ¶ 250 n.280); ICSID, List of Contracting States, at 5.  While the Republic denounced the ICSID Convention in

2012, that denunciation had no impact on the Award at issue here because the parties' consent to submit the dispute to arbitration took place before that date.[2]

## II.  The Arbitration and the Award

On May 10, 2013, Plaintiffs commenced an arbitration against the Republic by filing a Request for Arbitration with ICSID under the auspices of the ICSID Convention and the Agreement on the Promotion and Reciprocal Protection of Investments between the Kingdom of Spain and the Government of the Republic of Venezuela (the "BIT"). *See* López Forastier Decl. ¶ 2 & Ex. 1 (Award ¶¶ 1, 8 ). The arbitration concerned, *inter alia,* the Republic's measures impacting Plaintiffs' investments in Molinos Nacionales, C.A. and Derivados de Maíz Seleccionado, Demaseca, C.A., two leading producers of wheat flour and corn flour, among other products, in Venezuela. *See id.*, Ex. 1 (Award ¶¶ 2, 82, 88-101). The Request for Arbitration was registered by the Secretary General of ICSID on June 6, 2013. *Id.* ¶ 2. A three-member arbitral tribunal (the "Tribunal") was duly constituted on January 9, 2014, in accordance with the ICSID Convention. *Id.*

On July 25, 2017, after receiving extensive submissions from the parties and holding a hearing on jurisdiction and the merits between February 8 and 12, 2016, the Tribunal issued an award (the "Award") in favor of Plaintiffs and against the Republic. The Tribunal found that the Republic was in breach of several provisions of the Treaty and awarded Plaintiffs compensation

---

[2] The Republic denounced the ICSID Convention on January 24, 2012, and the denunciation took effect six months thereafter, on July 25, 2012, pursuant to Article 71 of the ICSID Convention. *See* López Forastier Decl., ¶ 3, Ex. 1 (Award ¶ 195); ICSID, List of Contracting States, at 5. Pursuant to Article 72 of the ICSID Convention, the Republic's denunciation did "not affect the rights or obligations under th[e] Convention . . . arising out of consent to the jurisdiction of [ICSID] given by [the parties to the dispute] before such notice [of denunciation] was received by the depositary." The Republic consented to ICSID jurisdiction in Article XI of the BIT, which entered into force on September 10, 1997. *See* López Forastier Decl., ¶ 3, Ex. 1 (Award ¶ 224). Plaintiffs expressed their consent to ICSID arbitration in the Notice of Dispute received by the Republic on November 9, 2011. *Id.* Accordingly, the parties' mutual consent was perfected before Venezuela's denunciation of the ICSID Convention and, consequently, such denunciation did not affect the Tribunal's jurisdiction to resolve the dispute and issue the Award at issue here. *Id.*

in the principal amount of US$430.4 million, plus compound interest from January 22, 2013 to the date Defendant satisfies the Award at a rate of LIBOR plus 2 percent per annum, plus US$5,925,705.14 in partial reimbursement of Plaintiffs' costs. *See id.*, Ex. 1 (Award ¶ 834).

On November 22, 2017, the Republic filed with the ICSID Secretary General an application for annulment of the Award pursuant to Article 52 of the ICSID Convention, and, at the request of the Republic, the Secretary General issued a provisional stay on enforcement of the Award. *Id.* ¶ 4. A three-member *ad hoc* committee (the "Committee") was constituted on March 5, 2018, to hear the Republic's request for annulment and Plaintiffs' request for the lifting of the provisional stay of enforcement of the Award. *Id.*

On September 6, 2018, the Committee lifted the provisional stay on enforcement of the Award. *See* López Forastier Decl. ¶ 5, Ex. 2 (Decision on Stay ¶ 113). In lifting this stay, the Committee concluded that the Republic had failed to prove "the existence of circumstances that require the continuation of the stay of enforcement of the Award" and considered, *inter alia*, "the difficulties encountered [by other award creditors] in ensuring compliance with the ICSID awards issued against Venezuela and the fact that Venezuela has officially declared its policy of opposition to compliance with those awards." *Id.*, Ex. 2 (Decision on Stay ¶ 107). In accordance with the lifting of the stay on enforcement allowing Plaintiffs to seek recognition and enforcement of the Award, Plaintiffs filed the Complaint in this action on January 8, 2019. *See* Compl. (ECF No. 1).

Pursuant to a procedural order issued by the Committee, the annulment proceeding was divided into a written and oral phase. While the written phase concluded on March 15, 2019, the oral phase, which consists of a hearing to present oral argument, has not taken place because the Republic has failed to pay the advance on costs required under ICSID Administrative and Financial Regulation 14(3)(d) and (e). López Forastier Decl. ¶ 6. If the Republic remains delinquent on its

obligations to pay the advance on costs, the annulment proceeding may be suspended and eventually discontinued.  *See* ICSID Administrative and Financial Regulation 14(3)(d).

**III.   This Proceeding**

On January 8, 2019, Plaintiffs filed this action to recognize and enforce the pecuniary obligations of the Award.  Compl. ¶ 1 (ECF No. 1).  Plaintiffs endeavored to serve the Republic under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), in accordance with 28 U.S.C. § 1608(a)(2).  *See* López Forastier Decl. ¶ 7.  But it was impossible to effect service under the Hague Convention because Venezuela failed to abide by the terms of that treaty.  *See id.* ¶¶ 7-8; ECF No. 5.

Unable to effect service through the Hague Convention, Plaintiffs asked the State Department to serve the summons and complaint on the Republic through diplomatic means in accordance with 28 U.S.C. § 1608(a)(4).  *See* López Forastier Decl. ¶ 8; ECF Nos. 7-8.  Service was effected on July 26, 2019, and the diplomatic note of transmittal was docketed by the Clerk of the Court in this action on August 1, 2019.  *See* López Forastier Decl. ¶ 9; ECF No. 10.  Venezuela's responsive pleading was due within 60 days of service, that is, by September 24, 2019.  *See* ECF No. 10, at 4; ECF No. 11, ¶ 3.

To date, Venezuela has not filed an answer or otherwise responded to Plaintiffs' complaint.  López Forastier Decl. ¶ 10.

**ARGUMENT**

**I.   This Court Has Jurisdiction to Enforce the Award.**

This Court has jurisdiction under 22 U.S.C. § 1650a(b), and 28 U.S.C. §§ 1330(a) and 1605(a)(1), (6).

The Republic is not immune from the jurisdiction of this Court under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.* Under the FSIA, "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case" (i) "brought . . . to confirm an award made pursuant to such an agreement to arbitrate, if . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards," *id.* § 1605(a)(6), or (ii) "in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver," *id.* § 1605(a)(1).

Both exceptions to sovereign immunity apply to an action to recognize and enforce an ICSID arbitral award. "[T]he FSIA's immunity provisions do not shield a foreign sovereign from federal courts' exercise of jurisdiction over a civil action to enforce an ICSID award: the waiver and arbitration exceptions to immunity that are found in subsections 1605(a)(1) and (a)(6), respectively, apply, and allow such an action to proceed." *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 104-05 (2d Cir. 2017) (citing *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 83-85 (2d Cir. 2013)); *see also Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 244 F. Supp. 3d 100, 109 (D.D.C. 2017) (finding jurisdiction to enforce an ICSID award); *Cont'l Cas. Co. v. Argentine Republic*, 893 F. Supp. 2d 747, 751 (E.D. Va. 2012) (noting that there is no doubt that "ICSID arbitral awards fall within . . . immunity exception"); *cf. M.B.L. Int'l Contractors, Inc. v. Republic of Trinidad & Tobago*, 725 F. Supp. 52, 55 (D.D.C. 1989) (concluding that a foreign state implicitly waived sovereign immunity in U.S. courts by agreeing to convention on enforcement of foreign arbitral awards).

**II.     The Republic Was Served in Accordance with the FSIA and Failed to Respond.**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

The FSIA prescribes the following methods of serving a foreign state:

> Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services — and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a).

Here, service under 28 U.S.C. § 1608(a)(1) was unavailable, because Plaintiffs and the Republic do not have any "special arrangement for service"; service under 28 U.S.C. § 1608(a)(2) could not be made in accordance with the Hague Convention, because the Republic failed to

comply with the terms of that convention, *see* López Forastier Decl. ¶¶ 7-8; and service under 28 U.S.C. § 1608(a)(3) was unavailable, because the Defendant objected to service by mail when it acceded to the Hague Convention, *see* Reservation of Venezuela With Regard to Article 10(a) of the Hague Convention ("The Republic of Venezuela does not agree to the transmission of documents through postal channels.").[3] Accordingly, Plaintiffs pursued diplomatic service under 28 U.S.C. § 1608(a)(4). López Forastier Decl. ¶ 8.

Diplomatic service was effected on July 26, 2019. *See* ECF No. 10; López Forastier Decl. ¶¶ 8-9. "[A] foreign state [such as the Republic] shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section." 28 U.S.C. § 1608(d). The Republic did not respond within 60 days of service, that is, by September 24, 2019, and has not responded to date. Accordingly, a default judgment should be entered against the Republic. *See, e.g.*, *Sealift Bulkers, Inc. v. Republic of Armenia*, 965 F. Supp. 81, 84 (D.D.C. 1997) ("Under the Foreign Sovereign Immunities Act, if a claimant has properly served a foreign sovereign defendant and the foreign sovereign has failed to respond within sixty days of service, the Court may enter default judgment.").

### III. Plaintiffs Have Established Their Claim for Relief.

Under the FSIA "[n]o judgment by default shall be entered by a court of the United States . . . against a foreign state . . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). "[T]he plaintiff must present a legally sufficient prima facie case, *i.e.*, 'a legally sufficient evidentiary basis for a reasonable jury to find for

---

[3] Available from Hague Conference on Private International Law at
https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=429&disp=resdn.

plaintiff.'" *Gates v. Syrian Arab Republic*, 580 F. Supp. 2d 53, 63 (D.D.C. 2008) (quoting *Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 98 (D.D.C. 2002)), *aff'd*, 646 F.3d 1 (D.C. Cir. 2011). "Although a court receives evidence from only the plaintiff when a foreign sovereign defendant has defaulted, 28 U.S.C. § 1608(e) does not require a court to demand more or different evidence than it would ordinarily receive in order to render a decision." *Id.* "In evaluating the plaintiff's proofs, a court may 'accept as true the plaintiffs' uncontroverted evidence.'" *Id.* (quoting *Estate of Botvin v. Islamic Republic of Iran*, 510 F. Supp. 2d 101, 103 (D.D.C. 2007); *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 100 (D.D.C. 2000)); *see also Beer v. Islamic Republic of Iran*, 574 F. Supp. 2d 1, 9 (D.D.C. 2008) ("This Court accepts the uncontested evidence and sworn testimony submitted by plaintiffs as true in light of defendants' failure to object or enter an appearance to contest the matters in this case."). "[A] plaintiff may establish proof by affidavit." *Gates*, 580 F. Supp. 2d at 63 (citing *Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13, 19 (D.D.C. 2002)).

Under 22 U.S.C. § 1650a,

> An award of an arbitral tribunal rendered pursuant to [the ICSID Convention] shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award *shall* be enforced and *shall* be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States.

(Emphasis added.)

As the mandatory language "shall" reflects, in enacting Section 1650a, Congress "expect[ed] that actions to enforce ICSID awards would not be protracted." *Mobil*, 863 F.3d at 121; *see also Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 133 (D.D.C. 2012) ("The legal standards governing judicial review of arbitration awards are not complicated" and "such review is limited by design." (internal quotation marks omitted)). Indeed,

under the ICSID Convention, courts "are . . . not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award." *Mobil*, 863 F.3d at 102.  Accordingly, "this Court is *required* by statute to give the Award full faith and credit and confirm it accordingly." *Duke Energy*, 904 F. Supp. 2d at 132-33 (emphasis in original).

Here, Plaintiffs have submitted to the Court true and correct copies of the Award, which has been certified as authentic by ICSID. *See* López Forastier Decl., ¶ 3, Ex. 1.  Accordingly, Plaintiffs have established their entitlement to relief under 22 U.S.C. § 1650a, and the Court should enforce the pecuniary obligations of the Award and give the Award the same full faith and credit as a final judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter judgment for Plaintiffs and against the Republic.

Dated: October 22, 2019

Respectfully submitted,

/s/ Miguel López Forastier
Miguel López Forastier
D.C. Bar No. 464654
mlopezforastier@cov.com
José E. Arvelo
D.C. Bar No. 981920
jarvelo@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, D.C.  20001
Tel:  202-662-5464
Fax:  202-778-5185
*Counsel for Plaintiffs and Arbitration Award Creditors Valores Mundiales, S.L. and Consorcio Andino, S.L.*

- 11 -

## **CERTIFICATE OF SERVICE**

I, Miguel López Forastier, hereby certify that, on October 22, 2019, a true and correct copy of the Motion for Entry of Default Judgment was served upon the Defendant in this action by first-class mail to the following address:

Ministerio del Poder Popular para Relaciones Exteriores
Oficina de Relaciones Consulares Avenida Urdaneta
Esquina de "Carmelitas" a "Puente Llaguno"
Edificio Anexo a la Torre "MRE", 1er. Piso Caracas, 1010
República Bolivariana de Venezuela

/s/ Miguel López Forastier
Miguel López Forastier