# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALORES MUNDIALES, S.L., <br><br> -and- <br><br> CONSORCIO ANDINO, S.L., <br><br> *Plaintiffs,* <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant.* | No. 1:19-cv-0046-ACR-RMM |

### DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1963

Pursuant to the Court's May 25, 2023 Order, Defendant Bolivarian Republic of Venezuela hereby objects to Plaintiffs' Motion for Relief Pursuant to 28 U.S.C. § 1963. Section 1963 generally provides that a district court judgment "may be registered by filing a certified copy of the judgment in any other district…*when the judgment has become final by appeal or expiration of the time for appeal*" (emphasis added). Here, the Court entered its final judgment on May 22, 2023.[1] ECF No. 44. The Republic's deadline to appeal from that judgment expires on June 21, 2023, *see* Fed. R. App. P. 4, and the Republic is presently engaged in efforts to retain new counsel to pursue an appeal. Accordingly, under the general rule set forth in Section 1963, Plaintiffs may not register their judgment in another district because the Court's judgment remains subject to the Republic's right to appeal.

---

[1] Earlier that day, notwithstanding the Court's prior order that "*[t]he parties* are directed to file a proposed final judgment," ECF No. 42, Plaintiffs unilaterally filed a proposed final judgment without first consulting with counsel for the Republic. *See* ECF No. 43.

Recognizing as much, Plaintiffs thus rely on § 1963's authorization of registration by this Court notwithstanding the Republic's appellate rights "for good cause shown." ECF No. 46 at 1. But Plaintiffs fail to meet their burden to establish "good cause" as Congress intended that term in § 1963. Congress added the "good cause" provision to the statute in 1988. Its purpose was to prevent judgment debtors from being "free to take advantage of the delay entailed by the appeal and remove his property from the other district." *See Associated Bus. Tel. Corp.* v. *Greater Capital Corp.,* 128 F.R.D. 63, 65-66 (D.N.J. 1989) (citing Siegel, *Commentary on 1988 Revision,* 28 U.S.C. § 1963 (West Supp. 1989)). Or as this Court has put it, the "good cause" provision "prevents debtors from utilizing the delay in execution of the judgment to remove property from another district, thus frustrating potential enforcement." *Spray Drift Task Force* v. *Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006).

In light of this congressional purpose to avoid dissipation of assets during the pendency of an appeal, courts have found motions to register judgments in other districts "premature" when filed before the judgment debtor has even filed an appeal, *Educational Employees Credit Union* v. *Mutual Guaranty Corp.*, 154 F.R.D. 233, 235 (E.D. Mo. 1994), and have likewise explained that "permission to register should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond" (which moots the dissipation risk). *Cheminova A/S* v. *Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002); *see Blaine Larsen Processing, Inc.* v. *Hapco Farms, Inc.*, 2000 WL 35539979, at *15 (D. Idaho Aug. 9, 2000) (denying motion to register judgment as "premature" where plaintiff had not had the opportunity to post a supersedeas bond and had not yet filed a notice of appeal). And while the court in *Spray Drift* found good cause for immediate registration without waiting for an appeal or opportunity to pay a supersedeas bond, that finding was based on the court's determination that there was no real possibility that the

judgment debtor in that case would actually appeal. 429 F. Supp. 2d at 51 ("[I]t is hard to imagine what grounds for appeal Defendant would have given that it challenged neither the Award nor its confirmation."). An interpretation of Section 1963 that would *always* allow registration for "good cause"—regardless of whether an appeal is pending—would be inconsistent with the fact that Congress, when it amended the statute, chose to keep the "when the judgment has become final by appeal or expiration of the time for appeal" language, rather than replacing it entirely.

Here, Plaintiffs do not even suggest—much less point to any evidence—that the Republic will seek to "remove [the] property" that Plaintiffs reference in their Motion from Delaware. And because they filed the Motion just two days after this Court issued its final judgment (and the same day the clerk entered judgment), the Rule 62(a) automatic stay of execution remains in place and the Republic has had no opportunity to post a bond pending appeal or argue that a stay should be granted without such a bond. Plaintiffs have thus failed to make a showing of "good cause" consistent with Congress's purpose in adding that provision to § 1963.

The most Plaintiffs can say is that they urgently wish to join the "line of judgment creditors" of Venezuela seeking to be added as "Additional Judgments" to the Sales Procedure Order in the *Crystallex* action in the District of Delaware. Motion at 3. Plaintiffs claim that "[u]nless Plaintiffs can register the Judgment in Delaware promptly, they run the risk that it will not be classified as an 'Additional Judgment' under the *Crystallex* Sales Procedures Order," *id.* at 4, and that "[f]ailure to participate in [the] briefing" on such "Additional Judgments" "may prejudice Plaintiffs' attempts to enforce this Court's Judgment," *id.* at 2. But Plaintiffs have already "participated in the briefing" on that issue, and have argued in that brief to the Delaware court that they *do not* need to register their judgment in Delaware. Specifically, Plaintiffs told Judge Stark that this Court's May 22 Judgment "should be properly classified as an 'Additional

Judgment'" because "[n]othing in the Sale Procedures Order mandates or contemplates any additional requirements before a judgment can be considered an 'Additional Judgment.'" *See* Ex. A at 3. In other words, according to Plaintiffs themselves, the supposed "risk" associated with not immediately registering their judgment in Delaware is actually no risk at all.

Finally, even if registration in Delaware is relevant, Plaintiffs exaggerate the urgency. Under the Sales Procedure Order in place in *Crystallex*, no additional judgments may be considered by the Special Master until the "Additional Judgment Deadline", which is "no later than ten calendar days after the Launch Date." *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (D. Del. Oct. 11, 2022) (ECF No. 481.) The Launch Date has not yet been determined and will likely not take place until September 5, 2023, the date the Special Master has recommended to Court. *Crystallex*, ECF No. 553 at 3-4. There is thus no reason to grant Plaintiffs the immediate relief they request without first giving the Republic the opportunity to pursue its right to appeal the Court's judgment and determine whether to seek a further stay (with or without bond) while that appeal is pending.

For the foregoing reasons, the Republic respectfully requests that the Court deny Plaintiffs' Motion for Relief Pursuant to 28 U.S.C. § 1963.

|  |  |
|---|---|
| Dated: May 26, 2023 | Respectfully submitted, |

Joseph E. Neuhaus (*pro hac vice*)
James L. Bromley (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  212-558-4000
Facsimile:  212-558-3588
neuhausj@sullcrom.com
bromleyj@sullcrom.com

 */s/ Judson O. Littleton*
Judson O. Littleton
D.C. Bar No. 1027310
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C.  20006-5215
Telephone:  202-956-7500
Facsimile:  202-293-6330
littletonj@sullcrom.com